UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | |
|---|---|
| SARUNAS VINCAS ABRAITIS, ) | CASE NO.  1:11-cv-2077 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | Doc. No. 49, 57 |
| ) | |

This case is before the magistrate judge by consent. Before the court is the motion of plaintiff, Sarunas Vincas Abraitis ("Abraitis"), to renew his motion for a temporary restraining order and permanent injunction or, in the alternative, for a stay of execution of judgment. Motion to renew or stay; Doc. No. 49. Defendant, the United States of America ("USA"), opposes Abraitis's motion. Doc. No. 58. Also before the court is the motion of Abraitis to file a reply to the USA's opposition to his motion to renew or stay. Motion to file; Doc. No. 57. For the reasons given below, the court GRANTS Abraitis's motion to file and accepts the attached proposed reply as filed. The court also DENIES Abraitis's motion to renew or stay.

I.

Before addressing the merits of Abraitis's motion to renew or stay, the court shall address the filing and content of Abraitis's motion to file. Local Civ. R. 7.1(e) permits parties to file a reply brief within 14 days after the filing of an opposition brief, unless the court orders otherwise. As Abraitis's motion to file a reply and attached proposed reply

were filed within the allotted period, Abraitis does not need the court's leave to file a reply. The court, therefore, accepts the proposed reply as having been filed.

Abraitis's reply, however, introduces new evidence, rehashes old arguments, and introduces new arguments regarding the merits of the case. Abraitis has waived the new evidence and new arguments set forth in his reply. New evidence and new arguments are not appropriate in a reply brief:

> Raising the issue for the first time in a reply brief does not suffice; reply briefs *reply* to arguments made in the response brief-they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. Further the non-moving party ordinarily has no right to respond to the reply brief, at least not until oral argument. As a matter of litigation fairness and procedure, then, we must treat [such issues] as waived.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. United States,* 284 F.3d 1261, 1274 (Fed. Cir. 2002)).

Permitting the non-moving party to file a sur-reply or holding oral argument over the new arguments should not be the preferred option. Allowing the non-moving party to respond when a reply brief includes new evidence and arguments requires the court to permit the non-moving party to file a sur-reply, a pleading that is disfavored in federal court. *Seay v. Tennessee Valley Authority*, 339 F.3d 454, 481-82 (6th Cir. 2003); *see also In re Enron Corp. Secs.,* 465 F. Supp. 2d 687, 691 n.4 (S.D. Tex. 2006) ("Sur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter."); *see also Cotracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 655, 659 (D. Kan. 1999) ("The court generally grants leave to file a post-reply brief only in extraordinary circumstances after showing of good cause.") (citation omitted). Permitting a sur-reply or oral argument is disfavored for other reasons as well:

> The opposing party should not have to incur the cost and effort of additional

> filings—a motion for leave to file a sur-reply, and the sur-reply itself—because the movants deliberately, or more likely inadvertently, held back part of their case. Nor should the court have to schedule oral argument when it would not have otherwise done so, merely to afford the opposing party a fuller opportunity to address the belated argument.

*International-Matex Tank Terminals-Illinois v. Chemical Bank*, 2009 WL 1651291, at *2 (W.D. Mich. June 11, 2009) (quoting *Gutierrez v. 78th Judicial District Court,* 2009 WL 1507415, *1 n. 2 (W.D. Mich. May 29, 2009)). For such reasons, the Sixth Circuit has "found issues to be waived when they are raised for the first time . . . in replies to responses." *Scottsdale Ins.*, 513 F.3d at 553. Consequently, although the court admits Abraitis's reply brief as filed, any new arguments and new evidence contained in that brief have been waived, and the court shall not consider them.

The court now turns to Abraitis's motion to renew or stay. In its Memorandum of Opinion, the court dismissed Abraitis's complaint for failure to exhaust administrative remedies. As the court found in its memorandum, that failure to exhaust deprived the court of subject matter jurisdiction over Abraitis's cause of action pursuant to § 7429 and resulted in Abraitis's having failed to state a claim upon which relief could be granted with respect to his claim pursuant to § 7433. Abraitis's motion to renew or stay fails to address either the court's lack of jurisdiction or Abraitis's failure to state a claim upon which relief could be granted. Consequently, Abraitis fails to assert a legal basis upon which the court may issue either a temporary or a permanent injunction in this case.

Abraitis also fails to provide an adequate reason for the court to stay its judgment. The party seeking the stay has the burden of demonstrating that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). The factors which a court must consider in determining whether to issue a stay of judgment are well-settled: (1) whether the party

3

seeking the stay makes a strong showing of likely success on the merits; (2) whether the party seeking the stay will be irreparably injured without the stay; (3) whether the stay would substantially injure the other parties interested in the proceeding; and (4) whether the public interest favors or disfavors a stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Even irreparable injury, by itself, does not justify a stay of judgment. *Nken v. Holder*, 556 U.S. 418, 427 (2009). Moreover, mere money damages do not suffice to justify a stay. *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

Abraitis's motion to renew or stay argues that (1) Abraitis will be irreparably harmed if the stipulation to freeze the account is not extended; (2) the interest of Abraitis's brother in the account will be affected if the stipulation is not extended; (3) computational errors in Abraitis's tax liability have not been addressed; and (4) liquidation of the account will moot the case of *Abraitis v. Commissioner of the Internal Revenue Serv.*, No. 4985-12 L, currently pending in the United States Tax Court. Abraitis bases his contention that he will be irreparably harmed and that his brother's interests will be adversely affected on the alleged money damages each will suffer if the IRS attaches the account. Abraitis does not explain or support his contention that liquidation of the account will moot his case in the tax court.

Abraitis's arguments are woefully insufficient to support a stay of judgment. Abraitis's allegation of money damages, even if true, are not irreparable damages, since money may be refunded. Moreover, even if such damages were irreparable, those damages are not, by themselves, sufficient to justify a stay. Abraitis fails to make any argument whatsoever regarding his likelihood of success on the merits and whether the public interest favors or disfavors a stay. In short, Abraitis fails to carry his burden of

justifying a stay.

## II.

For the reasons given above, the court **GRANTS** Abraitis's motion to file a reply and **DENIES** his motion to renew or stay.

**IT IS SO ORDERED.**

Date: July 13, 2012    s/ *Nancy A. Vecchiarelli*
                        NANCY A. VECCHIARELLI
                        U.S. MAGISTRATE JUDGE